SUNNY INDUSTRIES, INC., Plaintiff–Appellant, Cross–Appellee,

and

Michael J. Spitz, Plaintiff,

v.

ROCKWELL INTERNATIONAL CORP., Defendant–Appellee,

and

Goss Graphic Systems, Inc., Defendant–Appellee, Cross–Appellant.

Nos. 00–2251, 00–2319.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 2001.

Decided April 12, 2001.

Before BAUER, COFFEY, and MANION, Circuit Judges.

### ORDER

In May of 1994, Sunny Industries, Incorporated entered into a contract with Rockwell International Corporation under which Sunny agreed to pay Rockwell approximately $18 million for delivery and installation of a high-speed printing press. Delivery was originally scheduled for December 31, 1993, but Sunny agreed to extend the deadline until December 31, 1994. Delivery was again delayed, and by April 1995, although the press was installed, it was not running according to contract specifications. The problems continued into the fall of 1996, although the details are not relevant for purposes of this order, so the interested reader is directed to *Sunny Industries, Inc. v. Rockwell International, Corp.,* 175 F.3d 1021 (7th Cir. 1999), for a detailed factual background.

However, for purposes of this decision, it is important to note that in the fall of 1996, Rockwell International Corporation merged its printer manufacturing subsidiary with Goss Graphic Systems, Incorporated. Thus, when Sunny finally filed suit over the printer's alleged deficiencies, it sued both Rockwell and Goss Graphic Systems, Incorporated. The district court originally granted both defendants summary judgment on Sunny's damage claim, concluding that the contract limited Sunny's remedies to repair, replacement or rescission. On appeal, this court held that because the defendants failed to repair or replace the press, or to rescind the contract in a reasonable time, the limitation of remedies provision failed of its essential purpose, thus entitling Sunny to a fair quantum of relief under Article 2 of the Uniform Commercial Code. *See Sunny Industries,* 175 F.3d 1021.

On remand, the district court concluded that Sunny was entitled to restitution of the amount it had paid for the press, $434,175, together with pre-judgment interest. The district court then stated:

> Counsel for defendant Goss Graphic Systems, Inc. has represented that defendant Goss is currently able to pay restitution to plaintiff and that defendants prefer that judgment be entered against defendant Goss rather than de-

fendant Rockwell International Corporation. Given the potential time and money the parties would have to spend to resolve the issue of defendant Rockwell International Corporation's liability, an issue that would be moot in light of defendant Goss's ability and willingness to pay, judgment will be entered against defendant Goss Graphic Systems, Inc. only. The case will be dismissed against defendant Rockwell International Corporation, subject to the judgment being re-opened if plaintiff can show the defendant Goss Graphic Systems, Inc. is unable to pay the full amount ordered and plaintiff can make a prima facie showing that defendant Rockwell International is liable for that amount.

Sunny filed an appeal, arguing that the district court erred in limiting damages to restitution and in refusing to enter judgment against Rockwell International as well. Goss Graphic filed a cross-appeal, challenging the district court's calculation of the amount of restitution due and contesting the district court's decision awarding pre-judgment interest.

■ In their jurisdictional statements, both parties rely on 28 U.S.C. § 1291 as conferring jurisdiction upon this court to hear the present appeal. Section 1291 provides that "courts of appeal … shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "However, simply because the litigants agree that a judicial determination is a final decision (and thus appealable under Section 1291), does not make it so." *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 363 (7th Cir.2000). Rather, "[i]t is our threshold and independent obligation to make that determination even though both parties agreeably considered the order final and appealable." *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431, 1435 (7th Cir.1992). "Whether a decision is final for purposes of § 1291 generally depends on whether the decision by the district court ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *ITOFCA*, 235 F.3d at 363.

■ The district court's order did not end the litigation on the merits, as it left for later a decision on Rockwell's liability. While the district court purported to dismiss Rockwell, that dismissal was not final because the court expressly left open the possibility that Sunny could re-open the case against Rockwell if Goss failed to pay the judgment. *See JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776 (7th Cir.1999) (holding that dismissal without prejudice or with leave to re-open is not final judgment for purposes of Section 1291). *See, e.g., Trustees of Pension, Welfare, and Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec.*, 223 F.3d 459, 464 (7th Cir.2000) (holding that a judgment allowing the plaintiff to reopen the case if one defendant stopped making payments was not a final judgment). In fact, in both its brief and during oral argument, Goss's attorney acknowledged that the issue of Rockwell's liability was not final, although he seemed not to realize such a contingency meant the entire case was not final for purposes of Section 1291.

Of course, Section 1291 is not our only basis of appellate jurisdiction, and [o]ur explanation above does not suggest that every instance in which a district court makes a decision on one claim and dismisses the others without prejudice, the decided issue is not immediately appealable. For example, Rule 54(b) authorizes the district court to make immediately appealable a judgment that disposes, with finality, of one or more (but not all) claims, even though other claims remain pending in the district court so that the suit as a whole has

**616**

not been finally disposed of by that court. *ITOFCA*, 235 F.3d at 364. But in this case no one sought judgment under Rule 54(b), so that cannot form the basis of appellate jurisdiction either. *West v. Macht*, 197 F.3d 1185, 1190 (7th Cir.1999).

Moreover, while "an order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under [Rule 54(b)] even if identical claims remain pending between the remaining parties," *National Metalcrafters, Div. of Keystone Consol. Industries v. McNeil*, 784 F.2d 817, 821 (7th Cir.1986), in this case, it does not appear that the district court reached a final decision as to either Rockwell or Goss's liability on the contract. Rather, it appears that the court was willing to allow the defendants to agree who should provide restitution, without considering who was legally obligated to do so. Additionally, even if the district court conclusively held that Goss was liable, certification under Rule 54(b) requires that there be "no just reason for delay" in the appeal. That may not be the case given the relationship between Rockwell and Goss and the potential duplicity of issues. *See, e.g., Horn v. Transcon Lines, Inc.*, 898 F.2d 589 (7th Cir.1990) (summarizing relevant factors in "no just reason for delay" determination). In any event, as filed, we lack jurisdiction over this appeal, and accordingly we DISMISS for lack of jurisdiction.[1]

---

[1]. We note here that while lack of finality dictates that we remand for further proceedings, assuming the issue is resolved and made final, any subsequent appeal should not require new briefs on the issues already presented. Supplemental briefing confined to the issue on remand shall be permitted with leave of this court.